UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | **JOINTLY ADMINISTERED UNDER CASE NO. 08-45257** |
| PETTERS COMPANY, INC., ET AL, | Court File No. 08-45257 |
| Debtors. | |
| | Court File Nos.: |
| (includes: | |
| Petters Group Worldwide, LLC; | 08-45258 (KHS) |
| PC Funding, LLC; | 08-45326 (KHS) |
| Thousand Lakes, LLC; | 08-45327 (KHS) |
| SPF Funding, LLC; | 08-45328 (KHS) |
| PL Ltd., In.; | 08-45329 (KHS) |
| Edge One LLC; | 08-45330 (KHS) |
| MGC Finance, Inc.; | 08-45331 (KHS) |
| PAC Funding LLC; | 08-45371 (KHS) |
| Palm Beach Finance Holdings, Inc.) | 08-45392 (KHS) |
| | Chapter 11 Cases |
| | Chief Judge Kathleen H. Sanberg |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DOUGLAS A. KELLEY, in his capacity
as the court-appointed Chapter 11
Trustee of Debtors Petters Company, Inc.;
PC Funding, LLC; and SPF Funding, LLC,

        Plaintiffs,

v.                                                                ADV. 10-4301

OPPORTUNITY FINANCE, LLC; OPPORTUNITY
FINANCE SECURITIZATION, LLC; OPPORTUNITY
FINANCE SECURITIZATION II, LLC; OPPORTUNITY
FINANCE SECURITIZATION III, LLC; INTERNATIONAL
INVESTMENT OPPORTUNITIES, LLC; SABES FAMILY
FOUNDATION; SABES MINNESOTA LIMITED
PARTNERSHIP; ROBERT W. SABES; JANET F.
SABES; JON R. SABES; STEVEN SABES; DEUTSCHE
ZENTRALGENOSSENSCHAFTBANK AG; WEST
LANDESBANK AG; and THE MINNEAPOLIS FOUNDATION,

        Defendants.

1

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *12/07/2016*
Lori Vosejpka, Clerk, by LH

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ORDER ON DEUTSCHE ZENTRALGENOSSENSCHAFTBANK AG DEFENDANTS' FED. R. CIV. P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

At Minneapolis, Minnesota, December 7, 2016.

This adversary proceeding was commenced by Douglas A. Kelley, in his capacity as the court-appointed Chapter 11 Trustee of Debtors Petters Company, Inc.; PC Funding, LLC; and SPF Funding, LLC, (collectively "Plaintiff") in the Chapter 11 cases of Petters Company, Inc., and related entities. The history of Tom Petters' Ponzi scheme and the history of this adversary proceeding are well documented in other decisions.[1] This decision addresses Deutsche Zentralgenossenschaftbank AG's ("DZ Bank") Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, the motion is granted in part and denied in part.

DZ Bank's motion was heard on November 18, 2015 and taken under advisement.[2] James A. Lodoen, Adam C. Ballinger, and Mark D. Larsen appeared for the Plaintiff. Michael A. Rosow and H. Peter Haveles, Jr. appeared for defendant DZ Bank.[3]

This Court has jurisdiction over these adversary proceedings pursuant to 28 U.S.C. §§ 157(b)(1) & 1334, Fed. R. Bankr. P. 7001, and Local Rule 1070-1. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This adversary proceeding was reassigned to the undersigned when Chief Judge Gregory F. Kishel retired on May 31, 2016. The undersigned hereby certifies familiarity with the record

---

[1] *See In re Petters Co., Inc.*, 550 B.R. 438, 440-442 (Bankr. D. Minn. 2016); *see also In re Petters Co.*, Inc., 506 B.R. 784, 806-811 (Bankr. D. Minn. 2013).
[2] As well as all other outstanding matters in this adversary proceeding. *See* Dkt. No. 159.
[3] Joseph G. Petrosinelli and John R. McDonald appeared for the Opportunity Finance defendants. David E. Runck appeared on behalf of the Official Committee of Unsecured Creditors. Eric R. Sherman, Thomas Kelly, and Darryn Beckstrom appeared for defendant WestLB.

and determines that the matter at bar may be addressed without prejudice to the parties in accordance with Fed. R. Civ. P. 63, as incorporated by Fed. R. Bankr. P. 9028.

## Introduction

This motion arises out of DZ Bank's interface with Tom Petters' Ponzi scheme. Beginning in 2002, DZ Bank made loans to Opportunity Finance as part of a "tripartite business relationship."[4] Opportunity Finance used the loan proceeds to invest with Tom Petters and his entities through promissory notes with one or more of the Petters debtor-entities.[5] The Petters entities would make payments on the notes with those payments ultimately being acquired by DZ Bank.[6][7] In 2003, DZ Bank ended its lending relationship with Opportunity Finance. The debtor-entities made no transfers to DZ Bank after August 2003.[8]

The Plaintiff seeks to avoid transfers made by the debtor-entities to DZ Bank, as both an initial and subsequent transferee, under the actual and constructive fraud provisions of 11 U.S.C. § 544(b)[9] and Minn. Stat. § 513.41 et seq. ("MUFTA").[10]

## Procedural History

The Plaintiff filed his initial complaint on September 30, 2010.[11] The Plaintiff filed an amended complaint on February 25, 2011.[12] DZ Bank filed an answer to that complaint [Dkt. No. 42] while the other defendants in this proceeding filed motions to dismiss.[13] In 2013, the Court addressed many of the grounds for dismissal raised in those motions in the Common

---

[4] Dkt. Nos. 149, pg. 6-7, ¶ 20; 124, pg. 5-6 ¶ 21; 160, pg. 31.
[5] Dkt. No. 149, pg. 58, ¶ 113; Dkt. No. 124, pg. 38 ¶ 315. Dkt. No. 149, ¶¶ 63, 103, 104.
[6] Dkt. No. 149 ¶¶ 44, 107, 113.
[7] Exactly how DZ Bank acquired those funds is at issue.
[8] Dkt. No. 149, pg. 63-64 ¶ 115(f); Dkt. No. 124 pg. 38 ¶ 317.
[9] The Third Amended Complaint, as drafted, includes claims against DZ Bank under 11 U.S.C. § 548. However, the parties have stipulated to the dismissal of those claims in Counts 3, and 4.
[10] Now the Minnesota Uniform Voidable Transactions Act. *See* Minn. Stat. § 513.51.
[11] Dkt. No. 1.
[12] Dkt. No. 36.
[13] *See e.g.*, Dkt. Nos. 40, 41, 44.

Issues Decisions.[14] The Court granted the Plaintiff leave to amend the complaint in response to those decisions.[15] The Plaintiff filed his Second Amended Complaint on May 23, 2014.[16] DZ Bank elected to answer[17] the Second Amended Complaint and then filed a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c).[18]

Before oral argument was heard on DZ Bank's motion,[19] the Minnesota Supreme Court issued its decision in *Finn v. Alliance Bank*, 860 N.W.2d 638 (Minn. 2015) ("*Finn*").[20] In response to the *Finn* decision, the Plaintiff filed a motion for leave to amend the Second Amended Complaint.[21] The Court granted the Plaintiff's motion and the Plaintiff filed his Third Amended Complaint, which added two new claims for avoidance.[22] DZ Bank elected not to amend its answer or motion in response to the Third Amended Complaint but proceeded on its motion for judgment on the pleadings as filed.[23]

DZ Bank is a fraudulent transfer defendant in the Third Amended Complaint, as provided by Counts 1 through 8.[24] DZ Bank seeks judgment on the pleadings on the constructive fraud claims.[25] The Plaintiff and DZ Bank entered into a stipulation dismissing Counts 3 and 4 of the

---

[14] *In re Petters Co., Inc.*, 494 B.R. 413 (Bankr. D. Minn. 2013) ("Common Issues I"); *In re Petters Co., Inc.*, 495 B.R. 887 (Bankr. D. Minn. 2013), as amended (Aug. 30, 2013) ("Common Issues II"); *In re Petters Co., Inc.*, 499 B.R. 342 (Bankr. D. Minn. 2013) ("Common Issues III").
[15] Dkt. No. 59.
[16] Dkt. No. 83.
[17] As amended at Dkt. No. 124.
[18] Dkt. No. 122.
[19] As well as the motions to dismiss brought by the other Defendants.
[20] The impact of that decision on this adversary proceeding and the claw back litigation as a whole has been addressed by this Court in *In re Petters Co., Inc.*, 550 B.R. 457 (Bankr. D. Minn. 2016) ("Effect of Finn"). That decision also addressed the impact Finn had on the rulings in the Common Issues decisions from 2013. *In re Petters Co.*, Inc., 494 B.R. 413 (Bankr. D. Minn. 2013) ("Common Issues I"); *In re Petters Co.*, Inc., 495 B.R. 887 (Bankr. D. Minn. 2013), as amended (Aug. 30, 2013) ("Common Issues II"); *In re Petters Co.*, Inc., 499 B.R. 342 (Bankr. D. Minn. 2013) ("Common Issues III"). Those decisions are still in force to the extent they are unaffected by *Finn*.
[21] Dkt. No. 130.
[22] *See e.g.* Dkt. Nos. 130-6 and 148.
[23] *See* Dkt. No. 160 pg. 7, FN. 1.
[24] DZ Bank is also included as a defendant in Counts 24 and 25, but those Counts were not included in the motion before the Court.
[25] DZ Bank seeks dismissal of Counts III, IV, and V of the Second Amended Complaint. Dkt. No. 122, pg. 2, ¶ 3. Counts III and IV of the Second Amended Complaint are claims for avoidance under actual fraud and constructive

4

Third Amended Complaint with prejudice.[26] The remaining Counts subject to DZ Bank's motion are the constructive fraud claims under § 544(b) and MUFTA in Counts 6, 7, and 8. To the extent DZ Bank seeks judgment on the pleadings for the actual fraud counts, its motion is denied for failure to meet its burden as movant[27] pursuant to Fed. R. Bankr. P. 7012 applying Fed. R. Civ. P. 12(c).

## Discussion

I. Legal Standard

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Courts review motions for judgment on the pleadings under the same standard as motions to dismiss made under Rule 12(b)(6).[28] When deciding these motions, courts accept all facts pleaded by the nonmoving party as true, and the court draws all reasonable inferences from the facts in favor of the nonmoving party.[29] A complaint must be dismissed if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."[30] Further, "factual allegations must be enough to

---

fraud respectively under MUFTA. Dkt. No. 83, pg. 71-74, ¶¶ 141-156. In the wherefore clause of the motion, DZ Bank requests that the Court dismiss Counts III, IV, and V of the Second Amended Complaint with prejudice. Dkt. No. 122 at pg. 3. In that complaint Count V is another constructive fraud claim under MUFTA. Dkt. No. 83, pg. 75-76, ¶¶ 157-164. In the introductory section of the attached memorandum of law, DZ Bank requests dismissal of Counts I, II, IV, V, and VI. Dkt. 122 at pg. 11. Count II is a constructive fraud claim under the Bankruptcy Code [Dkt. No. 83, pg. 69-70, ¶¶ 136-140] and Count VI is a constructive fraud claim under MUFTA. Dkt. No. 83, pg. 77-78,¶¶ 165-172. Then in its response to the motion for leave to amend, DZ Bank asserts that it is moving for dismissal of constructive fraud counts. Dkt. 137, pg. 4, ¶ 12. Despite these inconsistent statements the Court will address the constructive fraud claims under MUFTA.

[26] Dkt. Nos. 168, 170.

[27] The argument presented by DZ Bank related to the actual fraud claims was limited to the availability of a presumption of fraudulent intent in a Ponzi scheme. DZ Bank offered no argument that the Complaint failed to state a claim or that the undisputed facts concerning the actual fraud claims entitled DZ Bank to judgment as a matter of law. The Court has previously ruled that the Plaintiff sufficiently alleged fraudulent intent through badges of fraud. *See In re Petters Co.*, Inc., 495 B.R. 887, 912 (Bankr. D. Minn. 2013), as amended (Aug. 30, 2013); *see also Finn v. All. Bank*, 860 N.W.2d 638, 647 (Minn. 2015) (noting MUFTA does permit allegations and proof of intent through badges of fraud).

[28] *Clemons v. Crawford*, 585 F.3d 119, 1124 (8th Cir. 2009)(citations and internal quotation omitted).

[29] *Waldron v. Boening Co.*, 388 F.3d 591,593 (8th Cir. 2004)(citations omitted).

[30] *Bell Atlantic Corp.v . Twombly*, 550 U.S.544, 570 (2007).

raise a right to relief above the speculative level...."[31] "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[32] Granting a motion for judgment on the pleadings is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law."

Under these standards, in order to prevail on its motion for judgment on the pleadings under Rule 12(c), DZ Bank has the burden to establish that there are no disputes over material facts regarding the Petters transactions and that it is entitled to judgment as a matter of law on the constructive fraud claims under MUFTA.[33] [34] The facts must allow the court to draw a reasonable inference that the defendant is liable for the conduct alleged.[35]

II. Material Facts in Dispute

In its Answer, DZ Bank made a general denial of each allegation in the Complaint.[36] DZ Bank also made specific denials of particular allegations, qualifying those denials with limited admissions.[37] Further, DZ Bank asserted twenty affirmative defenses.[38] Judgment on the pleadings is not appropriate "if the defendant pleads by denial or by affirmative defense so as to put in question a material allegation of the complaint...."[39] The allegations and affirmative

---

[31] *Id*. at 555.
[32] *Id* at 555.
[33] *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015)(quotations omitted); *See also Porous Media Corp. v. Pail Corp*, 186 F.3d 1077.
[34] A fact is material if resolving a dispute over that fact will determine the outcome of the case. *King v. Dingle*, 702 F. Supp. 2d 1049, 1063 (D. Minn. 2010) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986)).
[35] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).
[36] Dkt. 124, pg. 2, ¶ 1.
[37] *See* Fed. R. Civ. P. 8(b)(3).
[38] Dkt. No. 124, pg.38-43, ¶¶ 318-33.
[39] 5 Wright & Miller, Federal Practice & Procedure § 1368 (1969). Smith & Zobel, Rules Practice § 12.16 (1974)."); *see also Kimber v. Gunnell Gold Min. & Mill. Co.*, 126 F. 137, 140 (8th Cir. 1903).

defenses included in the Answer are considered denied by the Plaintiff.[40] Thus, the majority of the facts in this case are disputed. The facts setting out the transactions between the parties to this suit are material as they set forth the basis for avoidance of the transfers. Since those facts are in dispute, judgment on the pleadings is not appropriate.

### A. Avoidance Claims

To establish a claim under MUFTA, a debtor must have made a transfer to a creditor without the debtor receiving reasonably equivalent value in exchange for that transfer. Here, the Plaintiff has alleged that DZ Bank received funds originating with PC Funding as either an initial or subsequent transferee. In its Answer, DZ Bank admits that it received payment for its loan to Opportunity Finance from funds in the PC Funding bank account and that funds were also deposited into that account for repayment to Opportunity Finance, who controlled the account.[41] Whether DZ Bank was an initial or subsequent transferee is not known at this point. However, the facts alleged are sufficient to state a claim that DZ Bank was a transferee from either PC Funding or Opportunity Finance. *Twombly* "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the matter complained of],"[42] Here, discovery will reveal evidence of how DZ Bank actually received the transfers to resolve the issue of whether DZ Bank was an initial or subsequent transferee, or neither.

The Court will next address both the initial transferee and subsequent transferee claims in terms of receipt of reasonably equivalent value.

### 1. Initial Transferee Claims

---

[40] The Plaintiff was not required to and did not respond to the Answer or other affirmative defenses; there were no counterclaims. *Curry v. Pyramid Life Ins. Co.*, 271 F.2d 1, 6 (8th Cir. 1959) ("A reply is required to a counterclaim, but not to any other allegations of the answer containing the counterclaim, and is the final pleading required or permitted.") (citations omitted). Since no response was required, and the Court had not ordered one, any new assertions in the Answer are considered denied. *See* Fed. R. Civ. P. 8(b)(6); *see also Traylor v. Black, Sivalls & Bryson*, 189 F.2d 213, 217 (8th Cir. 1951).
[41] Dkt. 12, pg. 13, ¶ 316 and Dkt. 121, pg. 12, ¶ 89.
[42] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

### a. Reasonably Equivalent Value

DZ Bank argues that the Plaintiff has not pleaded sufficient facts to support a claim that PC Funding did not receive reasonably equivalent value in exchange for transfers made to DZ Bank.[43] Whether reasonably equivalent value is given in exchange for a transfer is a question of fact.[44] If the exchange of value is contested, that contest is a dispute over a material fact since determining that fact alters the outcome of the case.[45]

DZ Bank argues that under MUFTA, the payments it received constituted repayments on a valid antecedent debt and are therefore reasonably equivalent value as a matter of law.[46] DZ Bank argues that the valid antecedent debt is supported by documents attached to the Answer. Thus, DZ Bank argues it is entitled to judgment on the pleadings.

The Plaintiff argues that there that the payments received did not constitute antecedent debt because there was no antecedent debt running between PC Funding and *DZ Bank.*

In support of its arguments about a valid antecedent debt, DZ Bank relies on its Answer and the attachments as proof that transfers made from the PC Funding account to DZ Bank were repayment on a valid antecedent debt. Many of these documents are loan documents. The Court will address first the appropriateness of the submissions of the attachments and documents.

A court should consider materials on a motion for judgment on the pleadings that: 1) are part of the public record attached to the *complaint*, 2) do not contradict the complaint, or 3) are necessarily embraced by the pleadings.[47]

---

[43] Dkt. 122 pg. 22-34.
[44] *In re Ozark Rest. Equip. Co., Inc.*, 850 F.2d 342, 344 (8th Cir. 1988).
[45] *See* Dkt. 149, pg. 77, ¶ 167, cf. Dkt. 121, pg. 39 ¶ 323.
[46] Dkt. 122, pg. 23; citing *Neubauer v. Cloutier*, 122 N.W.2d 623, 629 (Minn. 1963).
[47] *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

First, the documents attached to the Answer are not part of the public record. Second, DZ Bank offers these documents for the purpose of contradicting the allegations in the Complaint that the repayments were not made on a valid antecedent debt to Opportunity Finance. DZ Bank wants to use the documents to establish the existence of valid antecedent debt in order to prove the exchange of reasonably equivalent value.[48] Consideration of the exhibits to the Answer for this purpose is improper.

DZ Bank argues that when a contract attached to a complaint contradicts the allegations made in the complaint, the plain language of the contract controls.[49] This is an accurate statement of the law, but DZ Bank's proposed application of the law is incorrect.[50] None of the exhibits attached to the Complaint contradict the narrative in the Complaint establishing a debtor-creditor relationship between PC Funding and Opportunity Finance (although the validity of the debt is contested in the causes of action relating to Opportunity Finance and related entities). Section 8.13 of the Credit Agreement between PC Funding and PCI, attached as Exhibit A to the Complaint, states that Opportunity Finance is the third party beneficiary of the agreement between PC Funding and PCI, and that Opportunity Finance has the authority to assign its rights to another party.[51] The contract provisions relied on by DZ Bank do not establish the existence of an antecedent debt running between PC Funding and *DZ Bank*.

---

[48] *See* Dkt. 160, pg. 31.; cf. Dkt. 149 pg. 77, ¶ 167.
[49] Dkt. 122, pg. 21.
[50] *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.") (emphasis added).
[51] Dkt. 149-1, pg. 19.

9

Third, the documents attached to the Answer are not "necessarily embraced by the complaint." Documents necessarily embraced by the complaint are those which form the basis of a plaintiff's complaint or are integral to the claim.[52]

Here, the basis of the initial transferee claims is the transfer of funds from a debtor entity to DZ Bank. The Plaintiff has sufficiently pleaded a *prima facie* case for avoidance without including or discussing the exhibits attached to the Answer. The attachments are not integral to nor do they form the basis of the cause of action. Instead, the documents proffered establish that facts are disputed. Therefore, the Court will not consider the exhibits attached to DZ Bank's Answer in deciding this motion.

Based on the allegations in the Complaint and admissions in the Answer, the Court finds that DZ Bank's argument that the payments it received constituted antecedent debt fails because there was no antecedent debt running directly between PC Funding and *DZ Bank*.

DZ Bank also argues that if there is not an antecedent debt owed directly by the debtor entities, there is an antecedent debt due to the lending relationship and corporate structure of the three parties and the payments it received therefore constitute reasonably equivalent value. The Plaintiff argues that there was no debt owed by the Petters entities to DZ Bank. Rather, at best, there was a debt owed by the Petters entities to Opportunity Finance and a debt owed by Opportunity Finance to DZ Bank.

A brief review of the Ponzi scheme factual allegations regarding the Defendants is necessary. DZ Bank lent money to Opportunity Finance so that Opportunity Finance could lend it to Petters. Opportunity Finance lent the funds to PC Funding in order to fund Petters'

---

[52] *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) ("courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned'"); *see also BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003) ("It is true that the plaintiff must supply any documents upon which its complaint relies, and if the plaintiff does not provide such documents the defendant is free to do so.") (emphasis added).

10

diverting transactions. Petters, through PCI, ostensibly needed cash to purchase goods that he (or his entities) would resell for profit. When PCI sold these goods to the end retailer that sale would, in theory, create an account receivable owing to PCI. PCI would then assign the account receivable to PC Funding, which used the funds lent by Opportunity Finance. When the retailer paid for the goods on the account receivable, now owed to PC Funding, the retailer was to pay into a bank account at US Bank owned by PC Funding. PC Funding entered into an account control agreement with Opportunity Finance for this bank account. This arrangement allowed Opportunity Finance to "sweep" the account when funds were deposited for payment on the receivable. Opportunity Finance, having control over the account, had the ability to direct funds out of that account to DZ Bank to pay its own debt.[53]

DZ Bank maintains that these transfers constitute reasonably equivalent value because they were made in repayment of an antecedent debt owed to DZ Bank by Opportunity Finance and because DZ Bank was an assignee of Opportunity Finance's third party beneficiary rights. DZ Bank relies on various sections of the transactional documents to support this debt repayment theory. DZ Bank argues that Section 8.13 of the Credit Agreement between PC Funding and Opportunity Finance (attached to the Complaint) provides that Opportunity Finance is a third party beneficiary of the Sale Agreement between PC Funding and PCI.[54] Section 8.13 of the Credit Agreement allows Opportunity Finance to transfer, assign, or pledge its rights as third party beneficiary to another party.[55] DZ Bank asserts that Opportunity Finance transferred its rights as third party beneficiary to DZ Bank, purportedly supported somewhere in the numerous

---

[53] In reality, it is alleged that there were no goods or payments from retailers. Rather, Petters obtained money from other investors in order to keep the scheme going.
[54] Dkt. No. 149-1 pg. 19.
[55] *Id.*

11

attachments to the answer.[56]  Further, DZ Bank points to ¶¶ 44, 55, 56, and 86 of the Complaint to support the position that DZ Bank, as assignee of third party beneficiary rights, became a senior lender to Opportunity Finance.[57]  The allegations in those paragraphs do not support the position advocated by DZ Bank.

None of DZ Bank's arguments address the particular "rights" that were transferred as third party beneficiary rights or whether those rights would have been enforceable debt obligations under Minnesota law such that they would fall within Minn. Stat. § 513.43(a).  Rather, DZ Bank argues that it was able to "claim against the funds in the PC Funding bank account" so that Opportunity Finance could repay the debt it owed.[58]  DZ Bank asserts that there was a "direct connection" between them.

Even assuming these assertions by DZ Bank are true, it has no impact on the reasonably equivalent value dispute.  At most, it allows the Court to infer that DZ Bank was the third party beneficiary of a contract between PC Funding and PCI.  It does not allow the Court to make the inferential leap to conclude, as a matter of law, that PCI or PC Funding owed a valid and enforceable debt to DZ Bank under Minnesota law and that any transfer to DZ Bank resulted in a dollar for dollar reduction of a purported third party beneficiary debt liability.  Such an inference would be improper as all inferences are to be drawn in favor of the non-moving party.[59]

DZ Bank's reliance on the contract provisions in support of its arguments is misplaced. The contracts set forth the facts about how the parties were supposed to conduct themselves and how the transactions were supposed to occur.  What actually happened, as alleged in the Complaint, is that Tom Petters and his entities frequently ignored contractual obligations.

---

[56] Dkt. 166 pg. 49.
[57] Dkt. 160, pg. 31-32.
[58] Dkt. 160, pg. 31-32
[59] *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004).

The contracts, Complaint and Answer do not set forth facts that PCI or PC Funding owed a debt to DZ Bank. Further, DZ Bank's repeated assertion that it was being repaid for loans made to Opportunity Finance is irrelevant for purposes of this particular analysis. As noted above, the debt reduction must inure to the debtor-transferor. The debt reduction here is the debt owed by Opportunity Finance to DZ Bank.[60]

The Court cannot find that reasonably equivalent value was transferred to the debtor entities by DZ Bank as a matter of law based on the current submissions. The Motion for Judgment on the Pleadings must be denied for the claims under the initial transferee allegations.

2. Section 550 Avoidable Transfer to a Subsequent Transferee

To recover an avoidable transfer from a subsequent transferee under § 550, a plaintiff must allege both that the initial transfer is voidable and that the subsequent transferee received the debtor's property from the initial transferee.[61] However, a plaintiff cannot recover from a subsequent transferee if the subsequent transferee received the property for value and in good faith.[62] The value and good faith exception is an affirmative defense, but if the defense is clear from the face of the complaint then it is a bar to recovery.[63] Therefore, if the undisputed facts establish that DZ Bank received the transfers from Opportunity Finance for value and in good faith, then DZ Bank is entitled to judgment as a matter of law on the § 550 theory of liability. The Court first addresses the transfers from the debtor entities to DZ Bank.

    a. *Subsequent Transferee*

The Plaintiff has sets a factual narrative whereby Opportunity Finance was alleged to be an initial transferee of PC Funding and subsequent transferee of PCI. The rulings on the

---

[60] In this case, the Plaintiff has pleaded the avoidability and challenged the enforceability of the debt owing to Opportunity Finance. The foundational facts giving rise to those claims are nearly all contested.
[61] *In re Circuit All., Inc.*, 228 B.R. 225, 231 (Bankr. D. Minn. 1998).
[62] *See* 11 U.S.C. § 550(b)(1).
[63] *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012).

avoidance of the transfers to Opportunity Finance similarly apply to the extent that they impact any claims by PCI and PC Funding against DZ Bank as a subsequent transferee under § 550.

Next, the Plaintiff incudes in the Complaint the allegation that to the extent DZ Bank was not an initial transferee, it was a subsequent transferee from Opportunity Finance.[64] The Plaintiff alleges that PC Funding entered into a lending relationship with Opportunity Finance, thus creating a debt obligation to Opportunity Finance. It is alleged that PC Funding gave access to its bank account to Opportunity Finance and that PC Funding repaid Opportunity Finance on the outstanding debt obligation directly out of that same account through the "sweep" function. Opportunity Finance also, having control over the account, had the ability to direct funds out of that account to DZ Bank to pay off its own debt. This factual narrative set forth by the Plaintiff has created a plausible scenario under which DZ Bank could be held liable as a subsequent transferee. DZ Bank's Answer does not dispute this narrative, rather it admits many of the facts. What is not known at this point, is how the transfers actually happened and the Answer does not resolve the ambiguity.[65] As counsel for the Plaintiff admitted, discovery is necessary in order to determine exactly how the funds made it to DZ Bank. The Plaintiff has met his burden to plead "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the matter complained of]."[66]

    b. *Taking for Value under § 550*

Section 550 provides that a trustee may not recover from a transferee if that transferee took for value. The undisputed facts demonstrate that DZ Bank received transfers from

---

[64] Dkt. 149, pg. 78, ¶ 168.
[65] DZ Bank admits that it lent to Opportunity Finance in order to fund loans to PC Funding Dkt. 124, pg. 4, ¶ 21, pg. 14, ¶ 97; PC Funding established the account to pay Opportunity Finance Dkt. 124, pg. 8, ¶ 48; and Opportunity Finance used the funds in that account to satisfy its obligation to DZ Bank Dkt. 124, pg. 13, ¶ 89, pg. 38, ¶ 316. The Answer does not provide any clarity as to the route the funds took from the PC Funding account to DZ Bank. Thus DZ Bank does not challenge any of the possibilities noted above. Any assertion that DZ Bank was solely an initial transferee is not included in the written submissions.
[66] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

14

Opportunity Finance for value. It is undisputed that there was a creditor-debtor relationship between DZ Bank and Opportunity Finance.[67] It is undisputed that Opportunity Finance used funds from the PC Funding account to satisfy antecedent debt owed to DZ Bank.[68] The Plaintiff has not alleged any facts that challenge the validity or enforceability of the debt between DZ Bank and Opportunity Finance. Thus, the motion is granted on this issue.

      *c. Good faith under § 550*

The remaining issue for subsequent transferee liability is whether there are undisputed facts establishing that DZ Bank took the transfers in good faith pursuant to § 550(b)(1). Good faith is not defined in the Bankruptcy Code and "is determined on a case-by-case basis."[69] A finding of good faith is "primarily a factual determination."[70] To determine whether a party received a transfer in good faith, courts "look to what the transferee objectively 'knew or should have known' instead of examining the transferee's actual knowledge from a subjective standpoint."[71]

The Plaintiff alleges that DZ Bank "knew or should have known that they were benefiting from fraudulent activity, or at a minimum, failed to exercise reasonable due diligence with respect to Petters, PCI, PC Funding, and SPF Funding in connection with the Ponzi scheme."[72] This allegation must be taken as true for purposes of this motion.[73] The Plaintiff also alleges that DZ Bank was on actual notice of numerous "indicia of fraud and financial

---

[67] Dkt. 124, pg. 4, ¶ 24.
[68] Dkt. 124, pg. 13 ¶ 89.
[69] *In re Sherman*, 67 F.3d 1348, 1355 (8th Cir. 1995).
[70] *In re Armstrong*, 285 F.3d 1092, 1096 (8th Cir. 2002).
[71] *In re Sherman*, 67 F.3d 1348, 1355 (8th Cir. 1995) (citations omitted).
[72] Dkt. 149, pg. 58, ¶ 114.
[73] *Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 669 (8th Cir. 2009).

irregularity but failed to make sufficient inquiry."[74] In light of these allegations, the Plaintiff has sufficiently pleaded that DZ Bank lacked good faith for purposes of § 550.

DZ Bank denies both allegations.[75] In its Answer, DZ Bank pleaded an affirmative defense that it received all transfers in good faith and "acted at all relevant times in good faith and without knowledge or notice of any alleged fraud on the part of PCI, PC Funding and SPF Funding."[76] The allegations and associated denials create a dispute over material facts preventing a ruling in DZ Bank's favor as a matter of law on this issue. DZ Bank failed to meet its burden so its motion on this issue must be denied.

B. Miscellaneous

Many of the Defendant's affirmative defenses were also argued as grounds for dismissal in the Opportunity Finance Motion to Dismiss.[77] Those affirmative defenses are subject to the same rulings in the decision on that motion.

**Conclusion**

DZ Bank has failed to meet its burden to show that there is no dispute as to any material fact and that DZ Bank is entitled to judgment as a matter of law on all points. Whether the debtor received reasonably equivalent value is tied to the litigation against Opportunity Finance which is mired in its own dispute. This adversary proceeding is ready to proceed to discovery and final resolution.

**ORDER**

IT IS THEREFORE ORDERED:

---

[74] Dkt. 149, pg. 62 ¶ 115.
[75] Dkt. 124, pg. 16, ¶ 114, 115.
[76] Dkt. No. 124, pg. 40, ¶ 325, 326.
[77] *See e.g.*, Dkt. 124, pg. 38 ¶ 318 "failure to state a claim"; pg. 40, ¶327 "insolvency"; pg. 40, ¶ 328 "standing."

1. The Motion for Judgment on the Pleadings brought by Defendant DZ Bank in Adv. No. 10-4301 is granted in part and denied in part as discussed herein.

2. Pursuant to Fed. R. Civ. P. 15(a)(2), the Plaintiff is granted leave to amend the complaint in accordance with this decision and the orders issued by Judge Kishel after these motions were filed but prior to June 1, 2016, arising out of the general claw back litigation in the Petters related adversary proceedings.

3. Within 30 days of the issuance of this order, the Plaintiff shall schedule a status conference to discuss the schedule for amendment and answer.

4. After the amendments granted in paragraph 2 are filed, no further motions to dismiss, motions for judgment on the pleadings, or requests to amend the complaint may be filed without leave of the Court.

/e/ Kathleen H. Sanberg
KATHLEEN H. SANBERG
CHIEF UNITED STATES BANKRUPTCY JUDGE